UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **ELIZABETH SETON SMITH JENKINS, et al.,** | : : : | Case No. 1:25-cv-00659-MRB |
| Plaintiffs, | : : : | Judge Michael R. Barrett |
| v. | : : : | **DEFENDANT XAVIER UNIVERSITY'S ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR INTERPLEADER** |
| **XAVIER UNIVERSITY,** | : : : | |
| Defendant, Counterclaimant and Third-Party Plaintiff, | : : : : | |
| v. | : : : | |
| **CHRISTOPHER BECK SMITH** | : : | |
| And | : : | |
| **VINCENT DE PAUL SMITH** | : : | |
| And | : : | |
| **ELIZABETH SETON SMITH JENKINS** | : : : | |
| And | : : | |
| **MARYVELMA SMITH O'NEIL**<br>317 rte de Lausanne<br>1293 Bellevue Switzerland | : : : : | |
| And | : : | |
| **VIRGINIA SMITH DOMBROWSKI**<br>603 Belleview Boulevard<br>Steubenville, Ohio 43952 | : : : : | |

Comes now Defendant Xavier University ("Xavier"), by and through counsel, and for its Answer to Plaintiffs' Complaint, Counterclaim and Third-Party Complaint, states and avers as follows:

1

## ANSWER

## FIRST DEFENSE

Xavier denies each and every allegation contained in the Complaint except as hereinafter admitted, qualified and/or otherwise answered.

1. Xavier denies the allegations in Paragraph 1 of Plaintiffs' Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

2. Xavier denies the allegations in Paragraph 2 of Plaintiffs' Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

3. Xavier denies the allegations in Paragraph 3 of Plaintiffs' Complaint for lack of knowledge sufficient to form a belief as to the truth thereof.

4. Xavier admits the allegations in Paragraph 4 of Plaintiffs' Complaint.

5. Xavier denies the allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Xavier denies the allegations in Paragraph 6 of Plaintiffs' Complaint.

7. Xavier denies the allegations in Paragraph 7 of Plaintiffs' Complaint.

8. Xavier admits the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. Xavier admits the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. Xavier denies the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. Xavier denies the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Xavier denies the allegations in Paragraph 12 of Plaintiffs' Complaint.

13. Xavier denies the allegations in Paragraph 13 of Plaintiffs' Complaint.

14. In response to Paragraph 14 of Plaintiffs' Complaint, Xavier incorporates by reference as if fully re-written herein all averments, denials and responses set forth above.

15. Xavier denies the allegations in Paragraph 15 of Plaintiffs' Complaint.

16. Xavier denies the allegations in Paragraph 16 of Plaintiffs' Complaint.

17. Xavier denies the allegations in Paragraph 17 of Plaintiffs' Complaint.

18. In response to Paragraph 18 of Plaintiffs' Complaint, Xavier incorporates by reference as if fully re-written herein all averments, denials and responses set forth above.

19. Xavier denies the allegations in Paragraph 19 of Plaintiffs' Complaint.

20. Xavier denies the allegations in Paragraph 20 of Plaintiffs' Complaint.

21. Xavier denies the allegations in Paragraph 21 of Plaintiffs' Complaint.

22. Xavier denies the allegations in Paragraph 22 of Plaintiffs' Complaint.

23. Xavier denies the allegations in Paragraph 23 of Plaintiffs' Complaint.

## SECOND DEFENSE

24. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

25. Plaintiffs have failed to join necessary and indispensable parties to this litigation, namely Virginia Smith Dombrowski and Maryvelma Smith O'Neil.

## FOURTH DEFENSE

26. Plaintiffs have abandoned the property they now seek to recover (the "Property").

## FIFTH DEFENSE

27. Xavier received the Property with the consent of the rightful owner.

## SIXTH DEFENSE

28. Plaintiffs had no ownership rights to the Property.

## SEVENTH DEFENSE

29. Plaintiffs' Complaint is barred by the statute of limitations and/or the doctrines of estoppel, laches, unclean hands and/or waiver.

**EIGHTH DEFENSE**

30. This Court lacks subject matter jurisdiction because the Plaintiffs' Complaint does not make a good faith showing that the amount in controversy exceeds $75,000.

**NINTH DEFENSE**

31. This Court lacks subject matter jurisdiction because the Plaintiffs' Complaint excludes a necessary party, Virginia Smith Dombrowski - an alleged co-owner of the Property in controversy – currently residing in Steubenville, Ohio, whose addition to the suit destroys diversity jurisdiction.

**TENTH DEFENSE**

32. This Court is the improper venue for Plaintiffs' Complaint.

**ELEVENTH DEFENSE**

33. Xavier received the Property as a valid inter vivos gift.

**TWELFTH DEFENSE**

34. Plaintiffs failed to comply with the requirements of R.C. 2737.03.

**THIRTEENTH DEFENSE**

35. Plaintiffs did not confer any benefit upon Xavier.

**THIRTEENTH DEFENSE**

36. Xavier hereby gives notice it intends to rely upon and utilize any other affirmative defenses which become apparent or available during the course of discovery and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Xavier requests that Plaintiffs' Complaint be dismissed with prejudice, at Plaintiffs' cost, for its costs and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief that this deems just and appropriate.

**COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR INTERPLEADER**

Comes now Xavier University, by and through counsel, and for its Counterclaim and Third-Party Complaint for Interpleader, states and avers as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Xavier is a private Jesuit university located in Cincinnati, Hamilton County, Ohio.

2. Christopher Beck Smith is an individual currently residing in North Carolina.

3. Vincent De Paul Smith is an individual currently residing in Louisiana.

4. Maryvelma Smith O'Neil is an individual currently residing in Bellevue, Geneva, Switzerland.

5. Elizabeth Seton Smith Jenkins is an individual currently in Louisiana.

6. Virginia Smith Dombrowski is an individual currently residing in Steubenville, Ohio.

7. The documents that are the subject of this action are being held at Xavier University located in Hamilton County, Ohio, and the actions that gave rise to this action occurred in Hamilton County, Ohio.

**FACTUAL BACKGROUND**

8. On or about June 8, 2020, Xavier received an Alumni – Website Contact Form Submission from Maryvelma Smith O'Neil which stated that she had papers and letters of her father, Dr. Vincent E. Smith, that she would like to donate to Xavier University.

9. Xavier then received donations from Maryvelma, in multiple installations including September 16, 2021, October 27, 2021, June 13, 2022, and continuing in 2024 ("Documents").

10. The Documents given to Xavier by Maryvelma Smith O'Neil include approximately four linear feet of documents, including seven manuscript boxes and one oversize box which include the following:

5

- Series I: correspondence between Virginia Beck Smith and Vincent E. Smith; 1938-1947; 2 boxes
- Series II: Virginia Beck Smith Papers; 1935-1964, undated; 2.5 boxes and 1 oversized box 13 x 18
    - Biographical file
    - Diaries
    - Scrapbook with photographs
    - Correspondence with parents and brother
    - Coursework
    - Articles
    - Publications
    - Manuscripts
- Series III: Vincent E. Smith Papers; undated; 2.5 boxes
    - Biographical file
    - Roger Bacon High School Yearbook
    - Postcards
    - Naval technical mission
    - Diary
    - Ephemera
    - Obituaries
    - Photographs
    - Awards
    - Clippings
    - Articles
    - Manuscripts
    - St. John's University strike materials
- Files shared via Google Drive by Maryvelma Smith O'Neil to University Archives:
    - MV scan 1945
    - MV scans 1944
    - MV scans 1942
    - MV scans 1941
    - MV scans 1940
    - MV scans 1939
    - Letters from Paris, Berlin, Munich – 1945
    - 1942-1945 VB Smith musings 1946 VES philosophical reflections
- Files received via postal mail from Maryvelma Smith O'Neil in 2024
    - Virginia Beck Smith Scrapbooks
    - Letter from Virginia Beck Smith to her family dated 1943-09-30
    - Folder of correspondence about manuscript written by Virginia Beck Smith
    - 2 photographs, Virginia Beck Smith writings, and press release concerning Vincent E. Smith dated 1968-09-11
    - Letter from Virginia Beck Smith to Vincent E. Smith dated 1945-09-20
    - 2 postage stamps with portrait of Virginia Beck Smith
    - Newspaper about Vincent E. Smith

11. The Documents were comprised of certain papers belonging to Vincent E. Smith and Virginia Beck Smith, the parents of the Counterclaim Defendants and Third-Party Defendants in this action.

12. In connection with the donations of the Documents, Maryvelma Smith O'Neil completed two (2) separate deeds of gift, before transferring any Documents, representing to Xavier that she had full authority to transfer the Documents. The deeds of gift were submitted March 11, 2021 and September 6, 2021.

13. Xavier, through Xavier University's Archives and Special Collections ("UASC"), accepted the Documents because the submission met all criteria outlined in the UASC collection development policies. Specifically, the Documents documented the life and work of an exemplary Xavier University graduate and provided primary source evidence of themes such as World War II, Catholic identity and religion in society, marriage, and women in education, among other things.

14. Between 2021 and 2022, the Documents were surveyed, inventory was conducted, and the submission materials were separated and rehoused into proper storage materials based on topic and chronology. All of these steps were taken in order to preserve the Documents.

15. In August 2022, Maryvelma Smith O'Neil reached out to Xavier and requested that no further processing or description occur, other than UASC preservation environment monitoring.

16. The Documents are not available to the public, or anyone else, while Xavier awaits a decision to determine ownership.

17. At all times relevant, it has been represented to Xavier that Maryvelma Smith O'Neil was and is the proper owner of the Documents given to Xavier and she has reiterated that it is her intention that the Documents remain with Xavier.

18. On or about February 6, 2024, Xavier received communications from Elizabeth Seton Smith Jenkins who disputed the ownership of the submitted Documents, and, accordingly, the validity of the submission.

19. On that same date, Anne Ryckbost, the Xavier University Archivist and Special Collections Librarian, responded to Elizabeth Seton Smith Jenkins' communication and stated that she would notify Xavier's general counsel and contact the original donor, Maryvelma Smith O'Neil, about Elizabeth Seton Smith Jenkins' request to have the donation returned.

20. Also on that same date, Xavier received communications from Vincent DePaul Smith, who expressed support for Elizabeth Seton Smith Jenkins' request to have the submission returned.

21. On or about February 13, 2024, Xavier received communications from Virginia Smith Dombrowski, who expressed support for Elizabeth Seton Smith Jenkins' request to have the submission returned.

22. On or about March 1, 2024, Xavier sent a letter to all Counterclaim Defendants and Third-Party Defendants in a good faith attempt to resolve the dispute.

23. In the letter sent on March 1, 2024, Xavier explained the nature of the submission, the competing claims for ownership, and offered to comply with an order from a court of competent jurisdiction evidencing genuine ownership of the Documents and instructions for their disposition.

24. On or about August 27, 2024, Xavier received a letter from attorney Clara L. Van Horn, stating that the submission made to Xavier was done so without permission and requested to have the Documents returned. In support of the letter, there were signed affidavits from Christpher Beck Smith, Elizabeth Seton Smith Jenkins, Vincent De Paul Smith, and Virginia Smith Dombrowski.

25. To date, there have been several communications among Xavier and Counterclaim Defendants and Third-Party Defendants in an attempt to ascertain the ownership of the Documents.

26. As of the date of this filing, Xavier has been unable to reach a resolution.

27. The Documents are currently stored in a safe and secure manner at Xavier University.

## COUNT I – INTERPLEADER

28. Xavier incorporates by reference each and every allegation contained in the above-paragraphs as if fully rewritten herein.

29. An actual and justiciable controversy exists with regard to the ownership of the Documents submitted to Xavier.

30. Xavier is potentially exposed to and has a reasonable concern of inconsistent and multiple claims for the Documents.

31. Counterclaim Defendants and Third-Party Defendants have asserted inconsistent claims of ownership and/or entitlement to some or all of the Documents.

32. Xavier has no adequate remedy at law and must resort to the powers of this Court to determine the parties' respective interests in the Documents.

33. By reason of these potentially conflicting claims, Xavier seeks direction from the Court and an Order of declaratory relief as to which of the parties are entitled to receive the

Documents. Without such direction, Xavier is potentially exposed to multiple and conflicting liability based upon these competing claims.

34. Xavier requests that Counterclaim Defendants and Third-Party Defendants be required to interplead their claims to the Documents and adjudicate between themselves their respective rights to and ownership of the Documents.

35. Xavier currently holds the Documents, but is willing to submit or transfer the Documents to possession of the Court during the pendency of this action if the Court and/or all Counterclaim Defendants and Third-Party Defendants feel that is in the best interests of this action.

**WHEREFORE**, Xavier University requests relief upon its Counterclaim and Third-Party Complaint for Interpleader as follows:

A. For an order from this Court determining the respective rights and claims of the parties with respect to the Documents;

B. That each of the Counterclaim Defendants and Third-Party Defendants be required to interplead and adjudicate between themselves their respective and purported rights and claims to the Documents and that Xavier be fully and completely discharged from all further liability concerning the Documents;

C. That Xavier, conditioned upon its compliance with any future order or judgment of the Court with respect to the Documents, be dismissed with prejudice from this action and released from all further liability regarding the Documents;

D. For an order restraining Counterclaim Defendants and Third-Party Defendants from proceeding in any court an action against Xavier to recover the Documents; and

  E. For any and all other relief that this Court deems appropriate, including the payment of its attorney's fees and costs.

                 Respectfully submitted,

                 */s/ Colleen M. Blandford*
                 Colleen M. Blandford (0061877)
                 Michelle A. Cheek (0086476)
                 Flagel & Papakirk, LLC
                 50 E Business Way, Ste. 410
                 Cincinnati, OH 45241
                 Phone: (513) 984-8111
                 Fax: (513) 984-8118
                 cblandford@fp-legal.com
                 mcheek@fp-legal.com
                 *Counsel for Xavier University*

## **CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a true and accurate copy of the foregoing has been served upon the following via electronic mail on November 10, 2025:

| | |
|---|---|
| Rasheeda Z. Khan | F. Evans Schmidt |
| Peterson Law, LLP | Clara Van Horn |
| 545 Metro Place South, Ste. 435 | Koch & Schmidt, L.L.C. |
| Dublin, OH 43017 | 650 Poydras Street, Ste. 2660 |
| rkhan@peterson-llp.com | New Orleans, LA 70130 |
| | feschmidt@kochschmidt.com |
| | cvanhorn@kochschmidt.com |

                 */s/ Colleen M. Blandford*
                 Colleen M. Blandford